SUMMARY ORDER
Wei Hua Lin, through counsel, petitions for review of the BIA’s denial of asylum, withholding of removal and relief under Article 3 of the Convention Against Torture (CAT). We assume the parties’ familiarity with the underlying facts and procedural history.
Where, as here, the BIA adopts and affirms the IJ’s decision without issuing independent findings or analysis, this Court reviews the IJ’s decision directly. Twum v. INS, 411 F.3d 54, 58 (2d Cir. 2005). Here, the IJ determined that Lin failed to show by clear and convincing evidence that he filed his asylum application within one year of his arrival in the United States. Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency’s finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, however, this Court retains jurisdiction to review constitutional claims and “questions of law.” 8 U.S.C. § 1252(a)(2)(D). “Questions of law” include matters of statutory and regulatory construction. See Xiao Ji Chen v. U.S. Dep’t of Justice, 434 F.3d 144, 153-54 (2d Cir.2006); Joaquin-Porras v. Gonzales, 435 F.3d 172, 178-80 (2d Cir.2006). Lin contends that his right to due process was violated. Because Lin raises a constitutional claim, this Court has jurisdiction.
In order to establish a violation of due process, an applicant must show that he was denied a full and fair opportunity to present his claims or otherwise deprived of fundamental fairness. See U.S. Const. Amend. V; Xiao Ji Chen, 434 F.3d at 155. Here, Lin argues that his due process rights were violated because the IJ *499 questioned him during his direct examination. We disagree. The IJ’s questions— which related to clarifying the dates and substance of Lin’s proselytizing, and further clarification concerning Lin’s current church, living situation, and travel within the United States—were well within her “authority to administer oaths, receive evidence, and interrogate, examine and cross-examine the alien and any witnesses.” 8 U.S.C. § 1229a(b)(1). Contrary to Lin’s characterization, the IJ’s questions “were relevant and based on the testimony or documentary evidence submitted,” and “reflected] what the IJ still needed to know in order to make a fully informed decision.” Hasanaj v. Ashcroft, 385 F.3d 780, 784 (7th Cir.2004); see cf. Jin Shui Qiu v. Ashcroft, 329 F.3d 140, 152 n. 6 (2d Cir.2003) (noting that it would be “prudent” for an IJ to question a petitioner if the IJ harbored “nagging doubts about an applicant’s credibility”). Additionally, the majority of the IJ’s questions were asked after Lin’s attorney explicitly stated that he had no further evidence to present, thus there is no question that Lin was given a full and fair opportunity to present his case. See Kerciku v. INS, 314 F.3d 913, 917-18 (7th Cir.2003) (distinguishing between situations where an IJ frequently interrupts an applicant’s testimony, which is consistent with due process, and the situation where an IJ “bars complete chunks” of testimony, which violates due process).
Finally, because Lin did not raise his claims for withholding of removal or relief pursuant to the CAT before this Court, those claims are waived. Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in the petition is VACATED, and any pending motion for a stay of removal in the petition is DENIED. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).